| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Kristin A. Zilberstein, Esq. (SBN: 200041)<br>Jennifer R. Bergh, Esq. (SBN 305219)<br>Adam P. Thursby, Esq. (SBN 318465)<br>GHIDOTTI BERGER<br>1920 Old Tustin Ave.<br>Santa Ana, CA 92705<br>Ph: (949) 427-2010 ext. 1010<br>Fax: (949) 427-2732<br>kzilberstein@ghidottiberger.com<br>the | |
| ☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>Donald Roy Otto | CASE NO.: 2:17-bk-11998-SK<br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362** (with supporting declarations) **(REAL PROPERTY)** AMENDED |
| Debtor(s). | DATE: 01/30/2019<br>TIME: 8:30AM<br>COURTROOM: 1575 |
| **Movant:** U.S. Bank Trust National Association, as Trustee of the Chalet Series III Trust, its successors and/or assignees | |

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012          ☐ 411 West Fourth Street, Santa Ana, CA 92701

   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                   Page 1                        **F 4001-1.RFS.RP.MOTION**

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: <u>12/26/2018</u>

Ghidotti Berger
_____
Printed name of law firm (if applicable)

Kristin A. Zilberstein, Esq.
_____
Printed name of individual Movant or attorney for Movant


/s/ Kristin A. Zilberstein
_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 2                          **F 4001-1.RFS.RP.MOTION**

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   a. Address:

   *Street address*: 18327 Cypress St.
   *Unit/suite number*:
   *City, state, zip code*: Covina, CA 91723

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit  1    ):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter  ☐ 7  ☐ 11  ☐ 12  ☒ 13
   was filed on (*date*)  02/20/2017  .

   b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13  was entered on (*date*) _____.

   c. ☒ A plan, if any, was confirmed on (*date*) 07/26/2017  .

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☐ Movant's interest in the Property is not adequately protected.

      (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

      (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

      (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☐ The bankruptcy case was filed in bad faith.

      (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

      (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

      (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

      (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

      (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

      (F) ☐ Other (*see attached continuation page*).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                   Page 3                          **F 4001-1.RFS.RP.MOTION**

(3) ☒ *(Chapter 12 or 13 cases only)*

   (A) ☐ All payments on account of the Property are being made through the plan.
       ☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

   (B) ☒ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____,
     which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

   (2) ☐ Multiple bankruptcy cases affecting the Property.

**5.** ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other *(specify)*:

**6.** **Evidence in Support of Motion:  (D***eclaration(s) MUST be signed under penalty of perjury and attached to this motion***)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☒ Other:
Deed of Trust as Exhibit 1, Assignments as Exhibit 2, Note as Exhibit 3, and Post-petition Payment History as Exhibit 4

**7.** ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                        Page 4                                **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☒ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☐ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☒ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☒ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date:  12/26/2018

Ghidotti Berger
_____
Printed name of law firm (*if applicable*)
 Kristin A. Zilberstein, Esq.
_____
Printed name of individual Movant or attorney for Movant

/s/ Kristin A. Zilberstein
_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    Page 5                    **F 4001-1.RFS.RP.MOTION**

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) Mike Egan _____ , declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age.  I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐ I am the Movant.

   b. ☐ I am employed by Movant as (*state title and capacity*):

   c. ☒ Other (*specify*): Bankrupcy Asset Manager for SN Servicing Corporation servicer for Movant

2. a. ☐ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property.  I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant.  These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (*see attached):*

3. The Movant is:

   a. ☒ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.  A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit  3___ .

   b. ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary.  True and correct copies of the recorded security instrument and assignments are attached as Exhibit  1,2___ .

   c. ☐ Servicing agent authorized to act on behalf of the:

      ☐ Holder.
      ☐ Beneficiary.

   d. ☐ Other (*specify):*

4. a. The address of the Property is:

   *Street address*: 18327 Cypress St.
   *Unit/suite no.*:
   *City, state, zip code*:Covina, CA 91723

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:

   20071289193, Los Angeles County, CA

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5. Type of property (*check all applicable boxes*):

a. ☒ Debtor's principal residence    b. ☐ Other residence
c. ☐ Multi-unit residential    d. ☐ Commercial
e. ☐ Industrial    f. ☐ Vacant land
g. ☐ Other (*specify*):

6. Nature of the Debtor's interest in the Property:

a. ☒ Sole owner

b. ☐ Co-owner(s) (*specify*):

c. ☐ Lienholder (*specify*):

d. ☐ Other (*specify*):

e. ☒ The Debtor   ☒ did   ☐ did not   list the Property in the Debtor's schedules.

f. ☒ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☒ trust deed.

    The deed was recorded on (*date*) 05/29/2007 .

7. Movant holds a   ☒ deed of trust   ☐ judgment lien   ☐ other (*specify*) _____
that encumbers the Property.

a. ☒ A true and correct copy of the document as recorded is attached as Exhibit 1___ .

b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit 3___ .

c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit 2___ .

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $ 265,343.66 |
| b. | Accrued interest: | $ | $ | $ 22,699.22 |
| c. | Late charges | $ | $ | $ 481.95 |
| d. | Costs (attorney's fees, foreclosure fees, other costs) | $ | $ | $ 1,223.37 |
| e. | Advances (property taxes, insurance): | $ | $ | $ 2,589.59 |
| f. | Less suspense account or partial balance paid: | $[　　　] | $[　　　] | $[298.92　　] |
| g. | TOTAL CLAIM as of (*date*): | $ | $ | $292,038.87 |
| h. | ☐ Loan is all due and payable because it matured on (*date*) _____ | | | |

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

a. Notice of default recorded on (*date*) _____ or ☒ none recorded.

b. Notice of sale recorded on (*date*) _____ or ☒ none recorded.

c. Foreclosure sale originally scheduled for (*date*) _____ or ☒ none scheduled.

d. Foreclosure sale currently scheduled for (*date*) _____ or ☒ none scheduled.

e. Foreclosure sale already held on (*date*) _____ or ☒ none held.

f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*      Page 7      **F 4001-1.RFS.RP.MOTION**

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a. Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

    b. Number of payments that have come due and were not made: _____. Total amount: $_____

    c. Future payments due by time of anticipated hearing date (*if applicable*):

        An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

    d. The fair market value of the Property is $_____, established by:

        (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

        (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

        (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

        (4) ☐ Other (*specify*):

    e. **Calculation of equity/equity cushion in Property:**

        Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT: $** | | | |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

        (1) ☐ Preliminary title report.

        (2) ☐ Relevant portions of the Debtor's schedules.

        (3) ☐ Other (*specify*):

    g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
        I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

    h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
        By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                         Page 8                                         **F 4001-1.RFS.RP.MOTION**

i.  ☐  Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j.  ☐  The fair market value of the Property is declining because:

12. ☒ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a.  A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: 03/24/2017 .
A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
A plan was confirmed on the following date (*if applicable*): 07/26/2017 .

b.  Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c.  Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| 4 | | $ 2,171.73 | $ 8,686.92 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d.  Postpetition advances or other charges due but unpaid:                          $
(*For details of type and amount, see Exhibit _____*)

e.  Attorneys' fees and costs:                                             $ 1,031.00
(*For details of type and amount, see Exhibit _____*)

f.  Less suspense account or partial paid balance:                       $[ 298.92                    ]

TOTAL POSTPETITION DELINQUENCY:              $ 9,419.00

g.  Future payments due by time of anticipated hearing date (*if applicable*): 01/01/2019 .
An additional payment of $ 2,171.73 will come due on 01/01/2019 , and on
the 1st day of each month thereafter. If the payment is not received by the 15th day of the month, a late
charge of $96.39 will be charged to the loan.

h.  Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

$ 2,171.55 received on (*date*) 10/29/2018
$ 2,172.00 received on (*date*) 08/24/2018
$ 2,172.00 received on (*date*) 07/30/2018

i.  ☐  The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or
13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 9                          **F 4001-1.RFS.RP.MOTION**

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B).  More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property.  A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is  ☐ prepetition  ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

  a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

  b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

  c. ☐ The Debtor filed only a few case commencement documents.  Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

  d. ☐ Other (*specify*):



18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

  a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

  b. ☐ Multiple bankruptcy cases affecting the Property include:

    1. Case name: _____
       Chapter: _____   Case number: _____
       Date dismissed: _____   Date discharged: _____   Date filed: _____
       Relief from stay regarding the Property ☐ was  ☐ was not  granted.

    2. Case name: _____
       Chapter: _____   Case number: _____
       Date dismissed: _____   Date discharged: _____   Date filed: _____
       Relief from stay regarding the Property ☐ was  ☐ was not  granted.

    3. Case name: _____
       Chapter: _____   Case number: _____
       Date dismissed: _____   Date discharged: _____   Date filed: _____
       Relief from stay regarding the Property  ☐ was  ☐ was not  granted.

  ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

  ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 10                              **F 4001-1.RFS.RP.MOTION**

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_12/27/2016_         _Michael J Egan_         
_Date_                   _Printed name_                              _Signature_

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2017_                                 Page 11                        **F 4001-1.RFS.RP.MOTION**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1920 Old Tustin Ave.
Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/04/2019  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

debtor counsel: Brad Weil bfweil@justbradlegal.com, brad@ecf.courtdrive.com;frontdeskweillaw@gmail.com

Trustee: Kathy A Dockery (TR)    EFiling@LATrustee.com

US Trustee: United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On (*date*) 01/04/2019  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor: Donald Roy Otto 18327 E. Cypress St., Covina, CA 91723 (US MAIL)
Judge: Honorable Sandra R Klein 255 E. Temple Street, Suite 1582 Los Angeles, CA 90012 (US MAIL)

☐ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/04/2019 | Krystle Miller | /s/ Krystle Miller |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 12                          **F 4001-1.RFS.RP.MOTION**

# EXHIBIT "1"

Recording Requested By

05/29/07

REDACTED

WHEN RECORDED MAIL TO

NAME **Records Processing Services**

STREET ADDRESS **577 Lamont Road**

CITY & STATE **Elmhurst, IL 60126**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

Redacted

# DEED OF TRUST

(Page 1 of 8)

☐ If this box is checked, this Deed of Trust secures future advances.

THIS DEED OF TRUST is made this __23RD__ day of __MAY__ , 20 __07__ , among the Trustor, DONALD R. OTTO, NOT STATED

whose

address is 18327 CYPRESS ST, COVINA, CA 91723
(herein "Borrower"), STEWART TITLE GUARANTY
(herein "Trustee") and the Beneficiary, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA
a corporation organized and existing under the laws of DELAWARE             whose address is
125 WEST ROUTE 66, SUITE A, GLENDORA, CA 91740
(herein "Lender").

The following paragraph preceded by a checked box is applicable.

☒ WHEREAS, Borrower is indebted to Lender in the principal sum of $ 285,346.49     , evidenced by Borrower's Loan Agreement dated MAY 23, 2007             and any extensions or renewals thereof (including those pursuant to any Renegotiable Rate Agreement) (herein "Note"), providing for monthly installments of principal and interest, including any adjustments to the amount of payments or the contract rate if that rate is variable, with the balance of the indebtedness, if not sooner paid, due and payable on MAY 23, 2047     ;

☐ WHEREAS, Borrower is indebted to Lender in the principal sum of $             , or so much thereof as may be advanced pursuant to Borrower's Revolving Loan Agreement dated
and extentions and renewals thereof (herein "Note"), providing for monthly installments, and interest at the rate and under the terms specified in the Note, including any adjustments in the interest rate if that rate is variable, and providing for a credit limit stated in the principal sum above and an initial advance of $             ;

TO SECURE to Lender the repayment of the indebtedness, including future advances, evidenced by the Note, with interest thereon at the applicable contract rate (including any adjustments to the amount of payment or the contract rate if that rate is variable) and other charges; the payment of all other sums, with interest thereon, advance in accordance herewith to protect the security of this Deed of Trust; and the performance of the convenants and agreements of Borrower herein contained, Borrower, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust with power of sale, the following described property located in the County of LOS ANGELES             State of California:

CONTINUED ON EXHIBIT A-LEGAL DESCRIPTION

which has the address of 18327 CYPRESS ST,                                                         COVINA
                                    **(Street)**                                                                        **(City)**

California 91723             (herein "Property Address"):

Redacted

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property;"

TO SECURE to Lender the repayment of (1) the indebtedness evidenced by the Note, with interest thereon, including any increases if the contract rate is variable; (2) all present and future advances under the Revolving Loan Agreement; (3) the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and (4) the performance of the covenants and agreements of Borrower herein contained; and (5) the payment of such further sums as the then record owner of the Property hereafter may borrower from Lender, when evidenced by another note (or notes) reciting it is so secured.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.**  Borrower shall pay when due the principal of, and interest (including any variations in interest resulting from changes in the contract rate that may be specified in the Note) on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 2. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 12. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the loan current. Lender may accept any payment or partial payment insufficient to  bring the loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each periodic payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Funds for Escrow Items.**  Borrower shall pay to Lender on the day periodic payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any. These items are called "Escrow Items." At origination or at any time during the term of the loan, Lender may require that community association dues, fees, and assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require.  Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in

02-12-07 DOT

Redacted

Redacted

this Security Instrument, as the phrase "covenant and agreement" is used in Section 7. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 7 and pay such amount and Borrower shall then be obligated under Section 7 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 12 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 2.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 35000), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this security instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the loan does not qualify as a "federally related mortgage loan" under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

3. **Application of Payments or Proceeds.** Except as otherwise described in this Section 3 or as may be required by the Note and/or applicable law, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the note; (c) amounts due under Section 2. Such payments shall be applied to each periodic payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent periodic payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one periodic payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the periodic payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more periodic payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or miscellaneous proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the periodic payments.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require and in

Redacted                                                                                       Redacted

(Page 4 of 8)

such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by the Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Where the original principal amount of the Note then in effect is $10,000 or more, any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 15 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

02-12-07 DOT        Redacted                                                                        Redacted

(Page 5 of 8)

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The applicable law contained in the Note shall control. Where no applicable law is contained therein, the state and local laws of the jurisdiction in which the Property is located shall be applicable to this Deed of Trust, except where such laws conflict with Federal law in which case Federal law shall apply. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses," and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

15. **Transfer of the Property; Assumption.** If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) The creation of a lien or encumbrance subordinate to this Deed of Trust which does not relate to a transfer of rights of occupancy in the property: Provided, that such lien or encumbrance is not created pursuant to a contract for deed; (b) The creation of a purchase-money security interest for household appliances; (c) A transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety; (d) the granting of a leasehold interest which has a term of three years or less and which does not contain an option to purchase; (e) A transfer, in which the transferee is a person who occupies or will occupy the property, which is: (A) a transfer to a relative resulting from the death of the Borrower; (B) a transfer where the spouse or child(ren) becomes an owner of the property; or (C) a transfer resulting from a decree of dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement by which the spouse becomes an owner of the property; or (f) A transfer into an inter vivos trust in which the Borrower is a, and remains, the beneficiary and occupant of the property, unless, as a condition precedent to such transfer, the Borrower refuses to provide the Lender with reasonable means acceptable to the Lender by which the Lender will be assured of timely notice of any subsequent transfer of the beneficial interest or change in occupancy; Lender may, at Lender's option, declare all sums secured by this Deed of Trust to be immediately due and payable. Lender shall have waived such option to accelerate if, prior to the sale or transfer, Lender and the person to whom the Property is sold or transferred reach an agreement in writing that the credit of such person is satisfactory to Lender and that the interest payable on the sums secured by this Deed of Trust shall be at such rate as Lender shall request. Borrower shall cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 12 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by Paragraph 16 hereof.

16. **Acceleration; Remedies.** Except as provided in paragraph 15 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in the paragraph 16 including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on

02-12-07 DOT        Redacted                                                    Redacted

(Page 6 of 8)

Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statement made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

17. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time within three months of the recording of default under this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 16 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

18. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 16 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 16 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

19. **Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall, upon payment of its fees, reconvey the Property without warranty to the person or persons legally entitled thereto.

20. **Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

21. **Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924b of the Civil Code of California.

22. **Statement of Obligation.** Lender may collect a fee not to exceed $60 for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

23. **Arbitration Rider to Note.** The Arbitration Rider attached to and made a part of the Note is hereby incorporated by reference and made a part of this Mortgage.

02-12-07 DOT

Redacted

Redacted

(Page 7 of 8)

Request for notice of default and foreclosure under superior Mortgages or Deeds of Trust. Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance of any sale or other foreclosure action.

*Donald R. Otto*

DONALD R OTTO         - Borrower

                                                           - Borrower

State of   ) California
County of   LOS ANGELES
On MAY 23, 2007      before me, (   M ROSEMARY LYONS               ), a Notary
Public, personally appeared        DONALD R OTTO

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.
Signature                            (Seal)

> **M. ROSEMARY LYONS**
> **Commission # 1703116**
> **Notary Public - California**
> **Los Angeles County**
> **My Comm. Expires Dec 2, 2010**

State of   ) California
County of           )
On              before me, (                           ), a Notary
Public, personally appeared

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal
Signature:                            (Seal)

02-12-07 DOT                                        Redacted

Redacted



(Page 8 of 8)

Title Order No.                              Escrow Loan No.

**DO NOT RECORD**
FOR RECONVEYANCE OR FORECLOSURE SEND TO THE NEAREST
OFFICE OF HOUSEKEY FINANCIAL CORPORATION
### REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid.

Dated

To HOUSEKEY FINANCIAL CORPORATION, Trustee

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied, and you are hereby requested and directed, on payment to st of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same

MAIL RECONVEYANCE TO

(By)

(By)

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures
Both must be delivered to the Trustee for cancellation before reconveyance will be made.

*(sideways, left margin)* Deed of Trust WITH POWER OF SALE (LONG FORM) Housekey Financial Corporation AS TRUSTEE

*(notary stamp, sideways)* M. ROSEMARY LYONS Commission # 1703116 Notary Public-California Santa Clara County My Comm. Expires Dec 2, 2010

02-12-07 DOT

Redacted

Redacted

EXHIBIT A (PAGE 1)

THE FOLLOWING DESCRIBED PROPERTY SITUATED IN THE COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA:

THE EAST 80 00 FEET OF THAT PORTION OF THE EAST HALF OF THE
WEST HALF OF THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER
OF SECTION 11, TOWNSHIP 1 SOUTH, RANGE 10 WEST, SAN
BERNADINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF SAID
LAND FILED IN THE DISTRICT LAND OFFICE ON APRIL 21, 1877,
LYING SOUTHERLY OF ALINE PARALLEL WITH AND DISTANT NORTHERLY
100 FEET MEASURED AT RIGHT ANGLES FROM THE NORTH LINE OF
CYPRESS AVENUE, 33 FEET WIDE.
   TAX MAP OR PARCEL ID NO.: 8421-021-014

Redacted

# EXHIBIT "2"

Recording Requested By:
**T.D. SERVICE COMPANY**

And When Recorded Mail To:
T.D. Service Company
4000 W Metropolitan Dr Ste 400
Orange, CA 92868

**CERTIFIED TRUE AND
CORRECT COPY BY
CALIBER HOME LOANS**

———————————— Space above for Recorder's use ————————————

Customer# ~~Redacted~~  rvice#:

Loan# ~~Redacted~~

~~Redacted~~

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, C/O
CALIBER HOME LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134-2550, hereby
assign and transfer to U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION
TRUST, C/O CALIBER HOME LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK
73134-2550, all its right, title and interest in and to said Deed of Trust in the amount of $285,346.49, recorded in
the State of CALIFORNIA, County of LOS ANGELES Official Records, dated MAY 23, 2007 and recorded
on MAY 29, 2007, as Instrument No. 20071289193, in Book No. ---, at Page No. ---.
Executed by DONALD R. OTTO, NOT STATED, as trustors, STEWART TITLE GUARANTY, as trustee
and, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA as the original beneficiary. Legal
Description: As more fully described in said Deed of Trust.

Date: **JUN 2 6 2014**
HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, BY CALIBER HOME LOANS, INC.,
AS ATTORNEY IN FACT

By: _____
Craig Davenport, Vice President

State of    **CALIFORNIA**    }
County of    **ORANGE**    } ss.

On    **JUN 2 6 2014**    before me, A. Fuentes, a Notary Public, personally appeared   Craig Davenport ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of
the State of California that the foregoing paragraph is true and correct.
Witness my hand and official seal.

_____
(Notary Name): A. Fuentes

**A. FUENTES**
Commission # 2041901
Notary Public - California
Orange County
My Comm. Expires Sep 19, 2017

Redacted



**RECORDING REQUESTED BY:**
SELECT PORTFOLIO SERVICING, INC.

**WHEN RECORDED MAIL TO:**
Bill Koch
SELECT PORTFOLIO SERVICING, INC.
3217 S. DECKER LAKE DRIVE
SALT LAKE CITY, UT, 84119

Redacted                                      Redacted

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Client Ref #: Redacted
CA/LOS ANGELES

Assignment Prepared on: May 03, 2016

For Value Received, **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST BY SELECT PORTFOLIO SERVICING, INC. ITS ATTORNEY IN FACT,** whose address is C/O SELECT PORTFOLIO SERVICING, INC., 3217 S. DECKER LAKE DRIVE, SALT LAKE CITY, UT, 84119 **(herein "Assignor")** hereby grants, assigns and transfers to **CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS INDENTURE TRUSTEE, FOR THE CSMC 2014-RPL2 TRUST, MORTGAGE-BACKED NOTES, SERIES 2014-RPL2,** whose address is C/O SELECT PORTFOLIO SERVICING, INC., 3217 S. DECKER LAKE DRIVE, SALT LAKE CITY, UT, 84119 **(herein "Assignee")** all interest under that certain Deed of Trust dated 5/23/2007, in the amount of $285,346.49, executed by DONALD R. OTTO, NOT STATED to HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA and Recorded: 5/29/2007, Instrument No.: 20071289193 in LOS ANGELES County, State of CALIFORNIA and all rights accrued or to accrue under said Deed of Trust.

Property Address:  18327 CYPRESS ST., COVINA, CA, 91723

Page: 2 of 2 / Client Ref #: Redacted

U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST BY SELECT
PORTFOLIO SERVICING, INC. ITS ATTORNEY IN FACT

On: 5/17/16

Signature:

Name:  Bryan Ball

Title:  Document Control Officer

State of UTAH
County of SALT LAKE

On 05-17-16, before me,  Joyce L. Harper , a Notary Public in and for SALT LAKE in
the State of UTAH, personally appeared Bryan Ball, Document Control Officer, U.S. BANK TRUST, N.A., AS
TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST BY SELECT PORTFOLIO SERVICING, INC. ITS
ATTORNEY IN FACT, personally known to me (or proved to me on the basis of satisfactory evidence) to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

Joyce L. Harper
Notary Expires:  FEB 1 9 2020   /#:  687391

**CA/LOS ANGELES**

JOYCE L. HARPER
Notary Public  State of Utah
My Commission Expires on:
February 19, 2020
Comm. Number: 687391

FOR REFERENCE ONLY : 20180349802

Recording Requested by Simplifile

PREPARED BY AND RECORDING REQUESTED BY:
SELECT PORTFOLIO SERVICING, INC.

WHEN RECORDED MAIL TO:
MERIDIAN ASSET SERVICES
3201 34TH ST S, SUITE B310
ST PETERSBURG, FL 33711

PH.

**CALIFORNIA**
COUNTY OF LOS ANGELES
LOAN NO.: REDACTED

# CORPORATION ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS INDENTURE TRUSTEE, FOR THE CSMC 2014-RPL2 TRUST, MORTGAGE-BACKED NOTES, SERIES 2014-RPL2, located at C/O SELECT PORTFOLIO SERVICING, INC. 3217 S. DECKER LAKE DR., SALT LAKE CITY, UT 84119, Assignor, does hereby assign located at

, Assignee, its successors and assigns, all its rights, title and interest in and to that certain Deed of Trust dated MAY 23, 2007, executed by DONALD R. OTTO, Trustor, to STEWART TITLE GUARANTY, Trustee, for the benefit of HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, Original Beneficiary, and recorded on MAY 29, 2007 as Instrument No. 20071289193 in the official records of the County Recorder's Office in and for the County of LOS ANGELES, State of CALIFORNIA.

LEGAL DESCRIPTION: AS DESCRIBED IN SAID DEED OF TRUST REFERRED TO HEREIN

COMMONLY KNOWN AS: 18327 CYPRESS ST, COVINA, CA 91723

TOGETHER WITH all rights accrued or to accrue under said Deed of Trust.

IN WITNESS WHEREOF, the undersigned has caused this instrument to be executed this OCTOBER 12, 2017.

CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS INDENTURE TRUSTEE, FOR THE CSMC 2014-RPL2 TRUST, MORTGAGE-BACKED NOTES, SERIES 2014-RPL2, BY SELECT PORTFOLIO SERVICING, INC. ITS ATTORNEY IN FACT

LISA CARTER, ASSISTANT VICE PRESIDENT

STATE OF IDAHO          COUNTY OF BONNEVILLE     ) ss.

On OCTOBER 12, 2017, before me, CHRISTY BROWN, personally appeared LISA CARTER known to me to be the ASSISTANT VICE PRESIDENT of the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

CHRISTY BROWN (COMMISSION EXP. 02/13/2021)
NOTARY PUBLIC

CHRISTY BROWN
NOTARY PUBLIC
STATE OF IDAHO



**MFGLQ INVESTORS, LP.**
**6011 Connection Drive, Irving, Texas 75039**

REDACTED

Page 1 of 1

Recording Requested by Simplifile
Prepared By and Return To:
Kathleen Collins
Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

Space above for Recorder's use

Loan No REDACTED
Sver Ln                1
GS ID: 1



REDACTED

## ASSIGNMENT OF DEED OF TRUST

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **MTGLQ INVESTORS, L.P.**, whose address is **2001 ROSS AVENUE SUITE 2800, DALLAS, TEXAS 75201**, (ASSIGNOR), does hereby grant, assign and transfer to **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CHALET SERIES III TRUST**, whose address is **7114 E. STETSON DR., SUITE 250, SCOTTSDALE, ARIZONA 85251**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain deed of trust, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Deed of Trust: 5/23/2007
Original Loan Amount: $285,346.49
Executed by (Borrower(s)): **DONALD R. OTTO**
Original Trustee: **STEWART TITLE GUARANTY**
Original Beneficiary: **HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA**
Filed of Record: In Book N/A, Page N/A,
Document/Instrument No: 20071289193 in the Recording District of **LOS ANGELES, CA**, Recorded on 5/29/2007.

Property more commonly described as: **18327 CYPRESS ST., COVINA, CALIFORNIA 91723**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: _____ AUG 1 6 2018 _____

**MTGLQ INVESTORS, L.P.**

By: **BETSY HANSON**
Title: **VICE PRESIDENT**

Witness Name: _____ Joel Pires _____

REDACTED

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF
THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE
TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of      **TEXAS**
County of    **DALLAS**

On __**AUG 1 6 2018**__, before me, _____ Danielle Bolin _____, a Notary Public, personally appeared **BETSY
HANSON, VICE PRESIDENT** of/for **MTGLQ INVESTORS, L.P.**, personally known to me to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s),
or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF
PERJURY under the laws of the State of **TEXAS** that the foregoing paragraph is true and correct. I further certify
BETSY HANSON, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

*Danielle Bolin*

(Notary Name): _____ Danielle Bolin
My commission expires: __NOV 1 1 2019__

DANIELLE BOLIN
Notary Public, State of Texas
Comm. Expires 11·11·2019
Notary ID 130437026

REDACTED

Prepared By and Return To:
Kathleen Collins
Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

Space above for Recorder's use

Loan No: REDACTE
Svcr Ln I D



REDACTED

## ASSIGNMENT OF DEED OF TRUST

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CHALET SERIES III TRUST**, whose address is 7114 E. STETSON DR., SUITE 250, SCOTTSDALE, ARIZONA 85251, (ASSIGNOR), does hereby grant, assign and transfer to **US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE TIKI SERIES III TRUST**, whose address is 7114 E. STETSON DR., SUITE 250, **SCOTTSDALE, ARIZONA 85251**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain deed of trust, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Deed of Trust: **5/23/2007**
Original Loan Amount: **$285,346.49**
Executed by (Borrower(s)): **DONALD R. OTTO**
Original Trustee: **STEWART TITLE GUARANTY**
Original Beneficiary: **HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA**
Filed of Record: In Book N/A, Page N/A,
Document/Instrument No: 20071289193 in the Recording District of **LOS ANGELES, CA**, Recorded on **5/29/2007**.

Property more commonly described as: **18327 CYPRESS ST, COVINA, CALIFORNIA 91723**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: 11-26-2018

**US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CHALET SERIES III TRUST, BY MERIDIAN ASSET SERVICES, LLC, ITS ATTORNEY-IN-FACT**

By: **STEVEN JANICEK**
Title: **VICE PRESIDENT**

Witness Name: **RACHEL GILE**

REDACTED

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of      **FLORIDA**
County of     **PINELLAS**

On _____ 11/26/18 _____, before me, **KIMBERLY JEAN LITCHFIELD**, a Notary Public, personally appeared **STEVEN JANICEK, VICE PRESIDENT of/for MERIDIAN ASSET SERVICES, LLC, AS ATTORNEY-IN-FACT FOR US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CHALET SERIES III TRUST**, personally known to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **FLORIDA** that the foregoing paragraph is true and correct. I further certify STEVEN JANICEK, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

KIMBERLY JEAN LITCHFIELD
Commission # GG 177060
Expires January 21, 2022
Bonded Thru Budget Notary Services

(Notary Name): **KIMBERLY JEAN LITCHFIELD**
My commission expires: **01/21/2022**

REDACTED

# EXHIBIT "3"

# LOAN AGREEMENT
### Including Truth-in-Lending Disclosure

**California Finance Lenders License No.** Redacted

| |
|---|
| **Lender:** (Called "We", "Us", "Our")<br>HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA<br>125 WEST ROUTE 66<br>SUITE A<br>GLENDORA, CA 91740 |
| **Borrowers:** (Called "You", "Your")<br>DONALD R. OTTO<br>18327 CYPRESS ST<br>COVINA, CA 91723 |

| Date of Loan: 05/23/2007 | Loan Number: Redacted |
|---|---|

In this agreement, "you", "your" mean the Borrower(s) who signs this agreement. "We", "us" and "our" refer to the Lender. This agreement covers the terms and conditions of your loan. It is important to us that you clearly understand the features of your loan. Please read this agreement carefully, and ask us any questions you may have.

### Truth-in-Lending Disclosure

| ANNUAL PERCENTAGE RATE<br><br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br><br>The dollar amount the credit will cost you. | Amount Financed<br><br>The amount of credit provided to you or on your behalf. | Total of Payments<br><br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 8.075% | $650,311.00 ("e") | $274,999.40 | $925,310.40 ("e") |

**Your payment schedule will be:**

| Number of Payments | Amount of Payments | When Payments are Due ("e") |
|---|---|---|
| 1 | $1,927.73 | 06/23/2007 |
| 479 | $1,927.73 | Day 23 of each month thereafter. |

"e" means an estimate

05/23/2007 19:18                    Page 1 of 7                    Redacted


Redacted

**Assumption:** Someone buying your home cannot assume the remainder of the mortgage on the original terms.

**YOU ARE GIVING US A SECURITY INTEREST IN THE REAL PROPERTY AS DESCRIBED IN THE DEED OF TRUST AND LOCATED AT:**

18327 CYPRESS ST
COVINA, CA 91723

| | |
|---|---|
| **Late Charge** | If your monthly installment is not paid in full within 10 day(s) after it is due, you will be charged a late charge equal to 5% of the unpaid amount of the monthly installment. |
| **Prepayment** | You may prepay your loan in full or in part at any time. If you pay off your loan early, you may have to pay a penalty and you will not be entitled to a refund of that part of the Finance Charge consisting of any prepaid finance charges. |

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

The Settlement Statement provides your disbursements and the itemization of the Amount Financed.

---

**ABOUT THE SECURITY:**

| | |
|---|---|
| **Your Obligation to Insure** | You shall keep the structures located on the real property securing your loan insured against damage caused by fire and other physical hazards, name us as a loss payee and deliver to us a loss payable endorsement. If insurance covering the real property is canceled or expires while your loan is outstanding and you do not reinstate the coverage, we may obtain, at our option, hazard insurance coverage protecting our interest in the real property as outlined below. |
| **Real Property Taxes and Homeowners Insurance** | Homeowners Insurance covering fire and other hazards on the real property security is required, naming us as a loss payee for the term of your loan. You shall pay us on the day that monthly installments are due under this agreement, an additional sum (the "Funds") to be used to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Deed of Trust as a lien or encumbrance on the real property; (b) leasehold payments or ground rents on the real property, if any; (c) premiums for any and all insurance required by us under this agreement and the Deed of Trust ("Escrow Items"). You will pay us the Funds for Escrow Items unless we waive your obligation to pay the Funds for any or all Escrow Items. We may waive your obligation to pay us Funds for any or all Escrow Items at any time. Any such waiver must be in writing. In the event of such waiver, you will be solely responsible for paying the amounts due for any Escrow Items directly and, if we require, you shall furnish us with receipts |

05/23/2007 19:18  Page 2 of 7  Redacted



evidencing such payment within such time period as we may reasonably require.

**Title Insurance**

Title insurance on the real property security is required, naming us as a loss payee. You must purchase title insurance or its local equivalent protecting our lien on the real property as a condition to obtaining your loan. You may purchase title insurance from any title insurance provider you choose that we reasonably believe provides sufficient financial protection to us. You request such title insurance and authorize us to deduct the costs of the title insurance from your loan proceeds in order to pay the title insurance provider.

**Lender's Right to Place Hazard Insurance**

You authorize us, at our option, to obtain hazard insurance coverage on the real property in an amount not greater than the outstanding balance of principal and interest on your loan or, if known to be less, the replacement value of the real property, in the event that you fail to maintain the required hazard insurance outlined above or fail to provide adequate proof of its existence. You authorize us to charge you for the costs of this insurance. We may choose to add the insurance charges to the unpaid balance of your loan, which will accrue interest at the Contract Rate, or bill you for the annual premium on a periodic basis. The addition of the insurance charges due might increase the amount of your final monthly installment. The cost of lender-placed hazard insurance might be higher than the cost of standard insurance protecting the real property. The lender-placed insurance will not insure the contents of the real property or provide liability coverage. The insurance might not be the lowest cost coverage of its type available and you agree that we have no obligation to obtain the lowest cost coverage. We or an affiliated company might receive some benefit from the placement of this insurance and you will be charged for the full cost of the premium without reduction for any such benefit. If at any time after we have obtained this insurance, you provide adequate proof that you have subsequently purchased the required coverage, we will cancel the coverage we obtained and credit any unearned premiums to your loan.

**Insurance**

Optional credit insurance and any required insurance disclosures are attached to this agreement and are incorporated herein by reference.

You direct the disbursements shown on the settlement statement form, acknowledge receiving a copy of this agreement and that form, Group Creditor Insurance Certificates, if any such coverage requested, and disability claim procedures.

[☑] You do intend to use the proceeds of this loan primarily for personal, family or household purposes. This loan made pursuant to the California Finance Lenders Law, Division 9 of the Financial Code.

[ ] You do not intend to use this loan for personal, family or household purposes. This loan is made pursuant to the California Finance Lenders Law, Division 9 of the Financial Code.

Redacted

Redacted

**ABOUT YOUR LOAN REPAYMENT:**

| | | | |
|---|---|---|---|
| SCHEDULED MATURITY DATE | 05/23/2047 | PRINCIPAL | $285,346.49 |
| MONTHS OF CONTRACT | 480 | | |
| CONTRACT RATE (per year) | 7.736% | | |
| AMOUNT FINANCED | $274,999.40 | | |
| PREPAID FINANCE CHARGES | $10,347.09 | | |

**Promise to Pay**

You agree to the terms of this agreement and promise to pay us the principal (Amount Financed plus prepaid finance charges consisting of Origination Fee/Points, Closing Fee and Tax Service Fee, and any odd days interest reflected in your settlement statement) plus interest which is computed at a rate of 7.736% (the "Contract Rate"). You agree to pay us in monthly installments as stated in the Payments provision of this agreement. You also agree to pay us: (a) other charges as provided in this agreement; (b) credit insurance charges, if any; (c) collection costs permitted by applicable law, including reasonable attorneys' fees otherwise due under your Deed of Trust and (d) any other charges reflected in your settlement statement.

**Interest**

Interest will be charged on the unpaid principal until the full amount of principal has been paid. You will pay us interest at a yearly Contract Rate of 7.736%.

The interest rate required by this provision is the rate you will pay both before and after any default as described in this agreement.

**Payments**

**Time and Place of Payments**

You will pay us principal and interest by paying your monthly installments.

You will make your monthly installments to us on the same day of each month beginning on or about 06/23/2007. You will make these monthly installments every month until you have paid all of the principal and interest and any other charges described herein that you may owe under this agreement. Your monthly installments will be applied to interest before principal. If, on the Scheduled Maturity Date, 05/23/2047, you still owe amounts under this agreement, you will pay those amounts in full on that date, which amount will include interest at the then current Contract Rate or any such other rate as required by law.

You will make your monthly installments at the address shown on page one or at the address shown on your monthly billing statement or at a different place that we may give you.

05/23/2007 19:18                    · Page 4 of 7                    Redacted


Redacted

**Amount of Monthly Installments**

Your monthly installments will be in the amount of $1,927.73, plus the amount of any optional insurance or funds for escrow you elected.

**Prepayment**

Subject to the prepayment penalty described below, you may prepay your loan in full or in part at any time. If you pay off your loan early, you may have to pay a penalty and you will not be entitled to a refund of that part of the Finance Charge consisting of any prepaid finance charges.

**Prepayment Penalty**

Your loan contains a prepayment penalty. If you prepay the entire outstanding balance of your loan at any time within 24 months of the Date of Loan, 05/23/2007, you agree to pay a prepayment penalty equal to the payment of six (6) months advance interest on the amount prepaid in excess of twenty percent (20%) of the original principal amount. No prepayment penalty will be imposed: (a) if your loan is refinanced by another loan with us; (b) after 24 months; (c) if your loan is prepaid from the proceeds of any insurance; or (d) if we sue you.

**Late Charge**

If your monthly installment is not paid in full within 10 day(s) after it is due, you will be charged a late charge equal to 5% of the unpaid amount of the monthly installment.

**Bad Check Charge**

You agree to pay $15.00 each time any check or payment is made on your loan by any means, including but not limited to, a check or ACH (our Authorization to Debit Account), which is returned unpaid by your bank or other financial institution for any reason.

**Additional Charges**

You agree to pay any amounts actually incurred by us for services rendered in connection with the opening and servicing of your loan, as allowed by law. These amounts may include fees for appraisals, title examination, title insurance or its local equivalent, fees and taxes paid to public officials in connection with recording, releasing or satisfying the Deed of Trust and other taxes as shown in the Settlement Statement incorporated herein by this reference. You also agree to pay any other amounts incurred by us in connection with the servicing of your loan including any amounts that we may (but need not) pay or that are otherwise due under the Deed of Trust, incorporated herein by this reference.

**Default**

If you fail to make any monthly installment after it becomes due or fail to comply with the terms of the Deed of Trust, we may require that you pay us, at once and without prior notice or demand, the unpaid balance of your loan plus accrued interest and any applicable charges in this agreement as authorized.

**Security Interest**

You agree to give us a security interest in the real property as described in the Deed of Trust.

**Satisfaction of Judgment - Spouse's Property**

The separate property of any married person who signs below shall be subject to execution to satisfy any judgment entered on this agreement.

**Due-on-Sale**

Please note the following provision contained in the Deed of Trust:

05/23/2007 19:18                           Page 5 of 7

Redacted


Redacted

Transfer of the Property. If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) The creation of a lien or other encumbrance subordinate to this Deed of Trust which does not relate to a transfer of rights of occupancy in the property: Provided, that such lien or encumbrance is not created pursuant to a contract for deed; (b) The creation of a purchase-money security interest for household appliances; (c) A transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety; (d) The granting of a leasehold interest which has a term of three years or less and which does not contain an option to purchase; (e) A transfer in which the transferee is a person who occupies or will occupy the property, which is: (A) a transfer to a relative resulting from the death of the borrower; (B) a transfer where the spouse or child(ren) becomes an owner of the property; (C) a transfer resulting from a decree of dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement by which the spouse becomes an owner of the property; or (f) a transfer into an inter vivos trust in which the borrower is, and remains, the beneficiary and occupant of the property, unless, as a condition precedent to such transfer, the borrower refuses to provide the lender with reasonable means acceptable to the lender by which the lender will be assured of timely notice of any subsequent transfer of the beneficial interest or change in occupancy; the lender may, at lender's option, declare all sums secured by this Deed of Trust to be immediately due and payable.

## ABOUT OUR RELATIONSHIP:

**Exchange of Information**

You understand and agree that we will call you from time to time to discuss your financial needs and any loan products that may be of interest to you as may be permitted by applicable law. For more information regarding our privacy practices, please refer to our Privacy Statement, which is included with your loan documents. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you.

**Credit Bureau Reporting**

If you fail to fulfill the terms of your loan, a negative report reflecting on your credit record may be submitted to a Credit Reporting Agency.

**Telephone Monitoring**

You agree that we may listen to and/or record telephone calls between you and our representatives for quality assurance purposes.

**Insurance**

Credit insurance is optional. Any applicable insurance disclosures are included with this agreement and are incorporated herein by this reference.

**Alternative Dispute Resolution**

The terms of the Arbitration Rider signed by you as part of your loan transaction are incorporated herein by this reference.

**Applicable Law**

The terms and conditions of this agreement will be governed by the California Finance Lenders Law (CFLL). This loan was made for a

05/23/2007 19:18

Redacted



personal, family or household purpose, pursuant to the CFLL, Division 9 of the Financial Code.

If this loan is a first mortgage, it is a federally related loan made at an agreed rate authorized by Section 501(a), Part A, Title V, Public Law 96-221, also known as Section 1735f-7(a), Title 12, United States Code.

---

If any provision of this agreement is finally determined to be void or unenforceable under any law, rule, or regulation, all other provisions of this agreement will remain valid and enforceable. Our failure to enforce any provision(s) to this agreement shall not be deemed to constitute a waiver of such term(s). In order for any amendment to this agreement to be valid, it must be agreed to by you and us.

**You acknowledge that before signing this agreement, you have read and received this agreement which includes the Federal Truth-in-Lending disclosure and, as applicable, any other riders and/or disclosures incorporated herein by reference. By signing below, you agree to observe the terms and conditions of this agreement.**

**FOR INFORMATION, CONTACT THE DEPARTMENT OF CORPORATIONS, STATE OF CALIFORNIA.**

Borrower: _____  Date: 5/23/07
DONALD R. OTTO

Witness: _____

Redacted

Redacted

# ALLONGE TO NOTE

Caliber Document ID#:          Redacted

Account Number:                Redacted

Allonge to Note Dated:         **5/23/2007**

And Executed by:               **DONALD R OTTO**

Property Address:              **18327 CYPRESS ST**

                               **COVINA, CA  91723-1038**

Loan Amount:                   **$285,346.49**

Pay to the order of:           _____

Without recourse:              **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8
                               MASTER PARTICIPATION TRUST, BY CALIBER
                               HOME LOANS, INC., AS ITS ATTORNEY IN FACT**

                               _____

By:                            **Roy Lacey**

Title:                         **Authorized Signatory**

# ALLONGE TO NOTE

Caliber Document ID#:      Redacted

Account Number:            Redacted

Allonge to Note Dated:     **5/23/2007**

And Executed by:           **DONALD R OTTO**


Property Address:          **18327 CYPRESS ST**

                           **COVINA, CA  91723-1038**

Loan Amount:               **$285,346.49**

Pay to the order of:       **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8
                           MASTER PARTICIPATION TRUST**


Without recourse:          **HOUSEHOLD FINANCE CORPORATION OF
                           CALIFORNIA, BY CALIBER HOME LOANS INC.,
                           AS ATTORNEY-IN-FACT**


By:                        **Roy Lacey**

Title:                     **Authorized Signatory**

Redacted

Deed of Trust/Mortgage Information:
Borrower Name(s):  DONALD R. OTTO, NOT STATED
Original Beneficiary/Mortgagee: HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA
Loan Amount: 285,346.49
Dated Date: MAY 23, 2007
Property Address: 18327 CYPRESS ST, COVINA, CA 91723-1038
Loan#: Redacted        Service# Redacted        Cust# Redacted

## ALLONGE TO NOTE

PAY TO THE ORDER OF:

Assignee: U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST

(without recourse)

By:

Assignor: HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, BY CALIBER HOME
LOANS, INC., AS ATTORNEY IN FACT

By: _____

    Craig Davenport, Vice President

Redacted

Deed of Trust/Mortgage Information:
Borrower Name(s): DONALD R. OTTO, NOT STATED
Original Beneficiary/Mortgagee: HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA
Loan Amount: 285,346.49
Dated Date: MAY 23, 2007
Property Address: 18327 CYPRESS ST. COVINA, CA 91723-1038
Loan#: Redacted    ervice#: Redacted    Cust: Redacted

## ALLONGE TO NOTE

### PAY TO THE ORDER OF:

Assignee:

_____

_____

_____

_____

(without recourse)

By:

Assignor: U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, BY
CALIBER HOME LOANS, INC., AS ITS ATTORNEY IN FACT

By: _____
Kendra Cook, Vice President

Redacted

# EXHIBIT "4"

| Trans Date | Days | Description | Total Pd | Amt Pd | Mo Acc Int | Cum Acc Int | Pd Interest | Principal | Escrow Bal | Escrow Disb/Pmt | Arrearage Balance | Arrearage Disb/Pmts | Late Balance | Late Fees/pmts | Suspense | Prin Bal |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  | 27,757.39 |  |  | (3,305.30) | 0.00 |  |  | 0.00 |  | 0.00 | 270,526.38 |
|  |  | 11/01/2015 thru 02/01/2017 | 30,843.68 | 30,843.68 | 0.00 | 27,757.39 | 27,757.39 | 3,086.29 | (3,305.30) | 0.00 | (30843.68) | (30843.68) | 0.00 | 0.00 | 0.00 | 267,440.09 |
|  |  | Late Charges | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,305.30) | 0.00 | (31132.85) | (289.17) | 0.00 | 0.00 | 0.00 | 267,440.09 |
|  |  | Corp Adv | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,305.30) | 0.00 | (32263.02) | (1130.17) | 0.00 | 0.00 | 0.00 | 267,440.09 |
|  |  | Escrow Deficiency | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,305.30) | 0.00 | (35568.32) | (3305.30) | 0.00 | 0.00 | 0.00 | 267,440.09 |
|  |  | Escrow Shortage | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,305.30) | 0.00 | (36196.09) | (627.77) | 0.00 | 0.00 | 0.00 | 267,440.09 |
|  |  |  | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,305.30) | 0.00 | (36196.09) | 0.00 | 0.00 | 0.00 | 0.00 | 267,440.09 |
|  |  |  | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,305.30) | 0.00 | (36196.09) | 0.00 | 0.00 | 0.00 | 0.00 | 267,440.09 |
|  |  |  | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,305.30) | 0.00 | (36196.09) | 0.00 | 0.00 | 0.00 | 0.00 | 267,440.09 |
| 02/21/2017 |  | Insurance Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,498.55) | (193.25) | (36196.09) | 0.00 | 0.00 | 0.00 | 0.00 | 267,440.09 |
| 02/28/2017 |  | Ongoing Pmt | 2,136.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,498.55) | 0.00 | (36196.09) | 0.00 | 0.00 | 0.00 | 2,136.00 | 267,440.09 |
| 03/09/2017 |  | Tax Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (4,019.95) | (521.40) | (36196.09) | 0.00 | 0.00 | 0.00 | 2,136.00 | 267,440.09 |
| 03/21/2017 |  | Insurance Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (4,213.20) | (193.25) | (36196.09) | 0.00 | 0.00 | 0.00 | 2,136.00 | 267,440.09 |
| 03/30/2017 | 30 | 03/01/2017 | 2,207.88 | 1,927.73 | 1,724.10 | 1,724.10 | 1,724.10 | 203.63 | (3,933.05) | 280.15 | (36196.09) | 0.00 | 0.00 | 0.00 | 2,136.00 | 267,236.46 |
| 04/18/2017 |  | Insurance Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (4,126.30) | (193.25) | (36196.09) | 0.00 | 0.00 | 0.00 | 2,136.00 | 267,236.46 |
| 04/28/2017 | 30 | 04/01/2017 | 2,207.98 | 1,927.73 | 1,722.78 | 1,722.78 | 1,722.78 | 204.95 | (3,846.15) | 280.15 | (36196.09) | 0.00 | 0.00 | 0.00 | 2,136.10 | 267,031.51 |
| 05/23/2017 |  | Insurance Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (4,015.07) | (168.92) | (36196.09) | 0.00 | 0.00 | 0.00 | 2,136.10 | 267,031.51 |
| 05/24/2017 | 30 | 05/01/2017 | 2,208.98 | 1,927.73 | 1,721.46 | 1,721.46 | 1,721.46 | 206.27 | (3,734.92) | 280.15 | (36196.09) | 0.00 | 0.00 | 0.00 | 2,137.20 | 266,825.24 |
| 06/19/2017 |  | Insurance Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,903.84) | (168.92) | (36196.09) | 0.00 | 0.00 | 0.00 | 2,137.20 | 266,825.24 |
| 06/29/2017 | 30 | 06/01/2017 | 2,250.00 | 1,927.73 | 1,720.13 | 1,720.13 | 1,720.13 | 207.60 | (3,623.69) | 280.15 | (36196.09) | 0.00 | 0.00 | 0.00 | 2,179.32 | 266,617.65 |
| 07/18/2017 |  | Insurance Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,792.61) | (168.92) | (36196.09) | 0.00 | 0.00 | 0.00 | 2,179.32 | 266,617.65 |
| 07/25/2017 | 30 | 07/01/2017 | 2,250.00 | 1,927.73 | 1,718.80 | 1,718.80 | 1,718.80 | 208.93 | (3,512.46) | 280.15 | (36196.09) | 0.00 | 0.00 | 0.00 | 2,221.44 | 266,408.71 |
| 08/18/2017 |  | Insurance Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,681.38) | (168.92) | (36196.09) | 0.00 | 0.00 | 0.00 | 2,221.44 | 266,408.71 |
| 08/21/2017 | 30 | 08/01/2017 | 2,250.66 | 1,927.73 | 1,717.45 | 1,717.45 | 1,717.45 | 210.28 | (3,401.23) | 280.15 | (36196.09) | 0.00 | 0.00 | 0.00 | 2,264.22 | 266,198.43 |
| 08/25/2017 |  | Arrears | 394.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,401.23) | 0.00 | (35802.09) | 394.00 | 0.00 | 0.00 | 2,264.22 | 266,198.43 |
| 09/18/2017 |  | Insurance Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,570.15) | (168.92) | (35802.09) | 0.00 | 0.00 | 0.00 | 2,264.22 | 266,198.43 |
| 09/20/2017 | 30 | 09/01/2017 | 2,250.26 | 1,927.73 | 1,716.09 | 1,716.09 | 1,716.09 | 211.64 | (3,290.00) | 280.15 | (35802.09) | 0.00 | 0.00 | 0.00 | 2,306.60 | 265,986.79 |
|  | 30 | 10/01/2017 | 0.00 | 1,927.73 | 1,714.73 | 1,714.73 | 1,714.73 | 213.00 | (3,009.85) | 280.15 | (35802.09) | 0.00 | 0.00 | 0.00 | 98.72 | 265,773.79 |
| 09/29/2017 |  | Arrears | 1,067.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,009.85) | 0.00 | (34734.89) | 1067.20 | 0.00 | 0.00 | 98.72 | 265,773.79 |
| 10/20/2017 |  | Escrow Refund | 66.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,943.25) | 66.60 | (34734.89) | 0.00 | 0.00 | 0.00 | 98.72 | 265,773.79 |
| 10/24/2017 |  | Arrears | 1,067.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,943.25) | 0.00 | (33667.69) | 1067.20 | 0.00 | 0.00 | 98.72 | 265,773.79 |
| 11/08/2017 |  | Tax Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,491.04) | (547.79) | (33667.69) | 0.00 | 0.00 | 0.00 | 98.72 | 265,773.79 |
| 11/21/2017 |  | Arrears | 1,067.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,491.04) | 0.00 | (32600.49) | 1067.20 | 0.00 | 0.00 | 98.72 | 265,773.79 |
| 12/07/2017 | 30 | 11/01/2017 | 2,264.12 | 1,927.73 | 1,713.36 | 1,713.36 | 1,713.36 | 214.37 | (3,210.89) | 280.15 | (32600.49) | 0.00 | 0.00 | 0.00 | 154.96 | 265,559.42 |
| 12/27/2017 |  | Insurance Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,294.18) | (83.29) | (32600.49) | 0.00 | 0.00 | 0.00 | 154.96 | 265,559.42 |
| 12/28/2017 |  | Insurance Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,460.76) | (166.58) | (32600.49) | 0.00 | 0.00 | 0.00 | 154.96 | 265,559.42 |
| 12/29/2017 |  | Arrears | 1,067.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,460.76) | 0.00 | (31533.29) | 1067.20 | 0.00 | 0.00 | 154.96 | 265,559.42 |
| 01/17/2018 |  | Insurance Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,544.05) | (83.29) | (31533.29) | 0.00 | 0.00 | 0.00 | 154.96 | 265,559.42 |
| 01/31/2018 |  | Arrears | 2,134.40 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,544.05) | 0.00 | (29398.89) | 2134.40 | 0.00 | 0.00 | 154.96 | 265,559.42 |
| 02/16/2018 |  | Insurance Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,627.34) | (83.29) | (29398.89) | 0.00 | 0.00 | 0.00 | 154.96 | 265,559.42 |
| 03/08/2018 | 30 | 12/01/2017 | 2,250.03 | 1,927.73 | 1,711.97 | 1,711.97 | 1,711.97 | 215.76 | (3,347.19) | 280.15 | (29398.89) | 0.00 | 0.00 | 0.00 | 197.11 | 265,343.66 |
| 03/09/2018 | 30 | 01/01/2018 | 2,252.52 | 1,927.73 | 1,710.58 | 1,710.58 | 1,710.58 | 217.15 | (3,067.04) | 280.15 | (29398.89) | 0.00 | 0.00 | 0.00 | 241.75 | 265,126.51 |

| Trans Date | Days | Description | Total Pd | Amt Pd | Int | Int | Int | Esc Amt | Esc Cost | Cost | Balance | Disb/Pmts | Desc Balance | Late Fees/pmts | Suspense | Prin Bal |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/14/2018 | 30 | 02/01/2018 | 2,254.26 | 1,927.73 | 1,709.18 | 1,709.18 | 1,709.18 | 218.55 | (2,786.89) | 280.15 | (29398.89) | 0.00 | 0.00 | 0.00 | 288.13 | 264,907.96 |
| 03/15/2018 | | Insurance Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,870.18) | (83.29) | (29398.89) | 0.00 | 0.00 | 0.00 | 288.13 | 264,907.96 |
| 03/16/2018 | | Tax Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,417.97) | (547.79) | (29398.89) | 0.00 | 0.00 | 0.00 | 288.13 | 264,907.96 |
| 03/29/2018 | | Arrears | 1,067.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,417.97) | 0.00 | (28331.69) | 1067.20 | 0.00 | 0.00 | 288.13 | 264,907.96 |
| 04/04/2018 | 30 | 03/01/2018 | 2,254.26 | 1,927.73 | 1,707.77 | 1,707.77 | 1,707.77 | 219.96 | (3,137.82) | 280.15 | (28331.69) | 0.00 | 0.00 | 0.00 | 334.51 | 264,688.01 |
| 04/19/2018 | | Insurance Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,221.11) | (83.29) | (28331.69) | 0.00 | 0.00 | 0.00 | 334.51 | 264,688.01 |
| 04/25/2018 | | Arrears | 1,067.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,221.11) | 0.00 | (27264.49) | 1067.20 | 0.00 | 0.00 | 334.51 | 264,688.01 |
| 05/08/2018 | 30 | 04/01/2018 | 2,207.98 | 1,927.73 | 1,706.36 | 1,706.36 | 1,706.36 | 221.37 | (2,940.96) | 280.15 | (27264.49) | 0.00 | 0.00 | 0.00 | 334.61 | 264,466.63 |
| 05/15/2018 | | Insurance Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,024.25) | (83.29) | (27264.49) | 0.00 | 0.00 | 0.00 | 334.61 | 264,466.63 |
| 05/23/2018 | | Arrears | 1,067.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,024.25) | 0.00 | (26197.29) | 1067.20 | 0.00 | 0.00 | 334.61 | 264,466.63 |
| 06/06/2018 | | Insurance Refund | 13.44 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,010.81) | 13.44 | (26197.29) | 0.00 | 0.00 | 0.00 | 334.61 | 264,466.63 |
| 06/07/2018 | 30 | 05/01/2018 | 2,207.98 | 1,927.73 | 1,704.93 | 1,704.93 | 1,704.93 | 222.80 | (2,730.66) | 280.15 | (26197.29) | 0.00 | 0.00 | 0.00 | 334.71 | 264,243.83 |
| 06/25/2018 | | Arrears | 1,067.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,730.66) | 0.00 | (25130.09) | 1067.20 | 0.00 | 0.00 | 334.71 | 264,243.83 |
| 06/29/2018 | | *LOAN BOARDED SN* | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,730.66) | 0.00 | (25130.09) | 0.00 | 0.00 | 0.00 | 334.71 | 264,243.83 |
| 07/19/2018 | | Arrears (not rec'd) | 1,067.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,730.66) | 0.00 | (24062.89) | 1067.20 | 0.00 | 0.00 | 334.71 | 264,243.83 |
| 07/30/2018 | 30 | 06/01/2018 | 2,172.00 | 1,927.73 | 1,703.49 | 1,703.49 | 1,703.49 | 224.24 | (2,450.51) | 280.15 | (24062.89) | 0.00 | 0.00 | 0.00 | 298.83 | 264,019.59 |
| 08/12/2018 | | Late Charge Assess | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,450.51) | 0.00 | (24062.89) | 0.00 | (96.39) | (96.39) | 298.83 | 264,019.59 |
| 08/24/2018 | 30 | 07/01/2018 | 2,172.00 | 1,927.73 | 1,702.05 | 1,702.05 | 1,702.05 | 225.68 | (2,206.51) | 244.00 | (24062.89) | 0.00 | (96.39) | 0.00 | 299.10 | 263,793.91 |
| 08/31/2018 | | Arrears | 1,132.16 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,206.51) | 0.00 | (22930.73) | 1132.16 | (96.39) | 0.00 | 299.10 | 263,793.91 |
| 09/10/2018 | | FPI | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,611.15) | (404.64) | (22930.73) | 0.00 | (96.39) | 0.00 | 299.10 | 263,793.91 |
| 09/12/2018 | | Late Charge Assess | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,611.15) | 0.00 | (22930.73) | 0.00 | (192.78) | (96.39) | 299.10 | 263,793.91 |
| 09/27/2018 | | Arrears | 2,066.19 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,611.15) | 0.00 | (20864.54) | 2066.19 | (192.78) | 0.00 | 299.10 | 263,793.91 |
| 10/02/2018 | | FPI | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,803.68) | (192.53) | (20864.54) | 0.00 | (192.78) | 0.00 | 299.10 | 263,793.91 |
| 10/12/2018 | | Late Charge Assess | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,803.68) | 0.00 | (20864.54) | 0.00 | (289.17) | (96.39) | 299.10 | 263,793.91 |
| 10/26/2018 | | Arrears | 1,160.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,803.68) | 0.00 | (19704.54) | 1160.00 | (289.17) | 0.00 | 299.10 | 263,793.91 |
| 10/29/2018 | 30 | 08/01/2018 | 2,171.55 | 1,927.73 | 1,700.59 | 1,700.59 | 1,700.59 | 227.14 | (2,559.68) | 244.00 | (19704.54) | 0.00 | (289.17) | 0.00 | 298.92 | 263,566.77 |
| 11/05/2018 | | FPI | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (2,752.05) | (192.37) | (19704.54) | 0.00 | (289.17) | 0.00 | 298.92 | 263,566.77 |
| 11/08/2018 | | Tax Disb | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (3,309.48) | (557.43) | (19704.54) | 0.00 | (289.17) | 0.00 | 298.92 | 263,566.77 |
| | | Reclassify Escrow | 3,309.48 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,309.48 | (19704.54) | 0.00 | (289.17) | 0.00 | 298.92 | 263,566.77 |
| 11/12/2018 | | Late Charge Assess | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (192.37) | 0.00 | (19704.54) | 0.00 | (385.56) | (96.39) | 298.92 | 263,566.77 |
| 12/04/2018 | | FPI | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (192.37) | (192.37) | (19704.54) | 0.00 | (385.56) | 0.00 | 298.92 | 263,566.77 |
| 12/05/2018 | | Arrears | 1,069.52 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (192.37) | 0.00 | (18635.02) | 1069.52 | (385.56) | 0.00 | 298.92 | 263,566.77 |
| 12/12/2018 | | Late Charge Assess | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (192.37) | 0.00 | (18635.02) | 0.00 | (481.95) | (96.39) | 298.92 | 263,566.77 |